IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JOSE QUINONES-FIGUEROA PETITIONER

VS. CIVIL ACTION NO. 3:15cv58-DPJ-FKB

WARDEN MS. MOSLEY RESPONDENT

# REPORT AND RECOMMENDATION

## I. Introduction and Facts

Jose Quinones-Figueroa is a federal inmate serving an aggregate sentence of 343 months for drug offenses. He is currently incarcerated at the Federal Correctional Complex in Yazoo City, Mississippi. He filed this petition pursuant to 28 U.S.C. § 2241 challenging a disciplinary proceeding in which was found guilty of a violation of the disciplinary code and his resulting loss of 30 days of good time credit. Having considered the petition, response, and reply, the undersigned concludes that relief should be denied.

Petitioner's claim arises out of an incident that occurred while he was incarcerated at the Federal Correctional Institution in Williamsburg, South Carolina. On May 31, 2012, Officer Kristy Sellers completed an incident report charging Petitioner with a violation of Prohibited Act Code 113, possession of narcotics, and Prohibited Act Code 208, tampering with, destroying, or altering a security device.[1] In the report, Officer Sellers

[1]The prison disciplinary process begins with the issuance of an incident report prepared by a prison staff person. The report is normally served on the inmate within 24 hours. The next step is the appointment of an investigating officer (a supervisory-level staff member) and an investigation by him. The investigation includes a meeting between the investigator and the inmate at which the inmate is given the opportunity to make a statement. The inmate has the right to remain silent; however, an adverse inference may drawn against him for doing so. When the investigator has

stated that on May 31, 2012, while conducting a search of the cell shared by Petitioner and his two cell mates, she had observed that several of the security screws around a light fixture and the toilet had been tampered with. [8-2] at 2. When she opened the access panel to the toilet, she discovered plastic bags containing a green leafy substance. *Id.* A further search of the cell revealed 16 small packets of a green leafy substance hidden inside a bottle of Italian seasoning. *Id.* The substances tested positive for codeine/morphine. *Id.*

The incident report was delivered to Petitioner the next day, and the incident was investigated by Officer K. Floyd. Officer Floyd advised Petitioner of his rights, after which Petitioner acknowledged his rights and stated that he had no comment. [8-2] at 4. A Unit Disciplinary Committee (UDC) hearing was held on June 12, 2012. [8-2] at 3. The UDC recommended a loss of 30 days good-conduct time, 30 days of disciplinary segregation, and loss of commissary, visiting, and telephone privileges for 90 days. *Id.* Because of the severity level of the offense, the UDC referred the incident to the Disciplinary Hearing Officer (DHO). *Id.* The hearing was held before DHO Duane Donovan on July 3, 2012.

---

completed his investigation, he records the results of his investigation on the incident report and forwards it, along with any other relevant materials, to the Unit Disciplinary Committee (UDC). If the alleged offense is a low or moderate severity offense, the UDC may make a determination as to guilt. Where the UDC determines that the inmate did not commit the offense, the UDC expunges the report from the inmate's file. Alternatively, it may refer the matter to the Discipline Hearing Officer (DHO). Referral to the DHO is automatic for high severity offenses. Where the matter is referred to the DHO, the UDC advises the inmate of his right to choose a staff representative for the hearing and to request witnesses. Following a hearing, the DHO issues a written decision. The decision may be appealed through the Administrative Remedy Program. *See generally* BOP Program Statement 5270.09 §§ 541.5-541.8.

[8-5] at 2. At the hearing, Petitioner waived his right to a staff representative and witnesses and presented no evidence. [8-3] at 3. Petitioner denied ownership and knowledge of the prohibited substances. [8-5] at 2.

The DHO issued a written decision on August 22, 2012. He found, based upon the evidence, that Petitioner had committed the prohibited act of possession of narcotics, and he imposed the following sanctions: 30 days in disciplinary segregation, a 30-day disallowance of good-conduct time and loss of visitation and telephone privileges for six months. [8-5] at 3. [2]

## II. Analysis

*Sufficiency of the Evidence*

Petitioner's first ground for relief is that he is innocent and that the DHO's determination was not supported by sufficient evidence. Specifically, Petitioner argues that he did not have knowledge of the contraband and had no way of knowing about it, and that the DHO failed to give proper weight to a statement by Petitioner's cell mate in which the cell mate admitted ownership of the contraband and stated that Petitioner was unaware of it.

This court's review of the DHO's decision is limited by the deferential standard of *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445 (1985), which requires merely that there be "some evidence" to show that the inmate committed the offense. *Id.* at 455. "Ascertaining whether this standard is satisfied does not require examination of the entire

[2]Each of Petitioner's cell mates was found to have committed the offense of possession of contraband in connection with this same incident. [8-4] at 3, 5.

record, independent assessment of the credibility of witnesses or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached . . . ." *Id.* at 455-56. If there is "some evidence" to support the decision, it must be upheld even if the evidence is "meager." *Id.* at 456. The DHO in his report cited the following items of evidence that he found credible and that he relied upon in making his determination of guilt: The incident report detailing the search and the finding of the contraband, and the laboratory report indicating that the contraband tested positive for narcotics. [8-5] at 3. This evidence clearly satisfies the "some evidence" standard.

Petitioner's real argument as to the sufficiency of the evidence appears to be more in the nature of a legal argument - that he should not have been found guilty of the offense because he had no knowledge of the presence of the contraband in his cell. This argument is unavailing. Generally, a person has constructive possession of contraband if he has dominion or control over the premises where it is found. *United States v. Fambro*, 526 F.3d 836, 839 (5th Cir. 2008). Dominion or control may be established where only a few inmates have access to the area in which the contraband is found. *See*, *e.g.*, *Flannagan v. Tamez*, 368 F. Appx. 586, 588 (5th Cir. 2010); *Henderson v. Morris*, 2007 WL 4289978, at *3 (E.D. Tex. Dec. 3, 2007). Here, the contraband was found in a cell shared by Petitioner with two other inmates. These facts provide "some evidence" that Petitioner was in constructive possession of the contraband.

*Procedural Due Process*

In conjunction with his attack on the sufficiency of the evidence, Petitioner alleges a denial of his procedural due process rights.[3] Specifically, he claims that the DHO had before him, but failed to consider, a statement by one of Petitioner's cell mates. In support of this argument, Petitioner has submitted an "Inmate Request to Staff" form that includes a statement written in Spanish. [2] at 5. Petitioner contends that this statement is by his cell mate Victor Figueroa-Irizarry and that in the statement Figueroa-Irizarry admits that the contraband was his own. The DHO report indicates, however, that Petitioner never attempted to call Figueroa-Irizarry or anyone else as a witness at the hearing and that he waived his right to call witnesses or present any evidence. Thus, there was no due process violation.

Petitioner's remaining ground for relief is that he was denied due process in that the DHO considered evidence that Petitioner did not know about and did not have access to. There is no basis in the record for this allegation. The form on which the DHO made his report has a section for the DHO to state whether confidential information was used in support of the decision, and the DHO indicated that this portion of the form was inapplicable. [8-5] at 3.

The undersigned concludes that the decision of the DHO was supported by some

[3] *Wolff v. McDonnell*, 418 U.S. 539 (1974), outlines the limited due process requirements for prison disciplinary proceedings resulting in a loss of good time credit: (1) Twenty-four hours advance written notice of the charges; (2) a written statement by the fact-finder as to the evidence relied upon and the reasons for the disciplinary action; (3) an opportunity to call witnesses and present documentary evidence; (4) assistance at the hearing if the inmate is illiterate or if the matter is complex; and (5) an impartial fact-finder. *Wolff*, 418 U.S. at 563-72.

evidence and that Petitioner received all the due process protections to which he was entitled. Accordingly, the undersigned recommends that no relief be granted.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 19th day of May, 2016.

/s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE