UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JOSE QUINONES-FIGUEROA                                                                             PETITIONER

v.                                                                          CIVIL ACTION NO. 3:15cv58-DPJ-FKB

WARDEN MS. MOSLEY                                                                                RESPONDENT

ORDER

This habeas petition is before the Court on the Report and Recommendation [10] of Magistrate Judge F. Keith Ball. Judge Ball recommended denial of Petitioner's habeas petition. Petitioner timely filed Objections [12] to which Respondent responded [15]. For the reasons that follow, the Court adopts the Report and Recommendation.

Petitioner, a federal inmate currently incarcerated at the Federal Correctional Complex in Yazoo City, Mississippi, challenges a prison disciplinary proceeding that resulted in his loss of 30 days of good-time credit. On May 31, 2012, a prison official conducting a search of the cell shared by Petitioner and two cell mates discovered plastic bags and small packets of a green leafy substance that later tested positive for codeine/morphine. Petitioner was charged with a violation of Prohibited Act Code 113, which prohibits "[p]ossession of any narcotics, marijuana, drugs, alcohol, intoxicants, or related paraphernalia, not prescribed for the individual by the medical staff."[1] Program Statement [8-8] at 46.

A Disciplinary Hearing Officer ("DHO") conducted a July 3, 2012 hearing at which Petitioner denied the charge but waived his right to a staff representative and witnesses and presented no evidence. On August 22, 2012, the DHO issued a written decision concluding that

---

[1] A second charge was also levied against Petitioner but was not pursued and is not relevant.

Petitioner had committed the prohibited act and imposing sanctions including a 30-day disallowance of good-conduct time.

Judge Ball applied the deferential standard for review of a revocation of good-time credits set forth in *Superintendent, Massachusetts Correctional Institute v. Hill*, 472 U.S. 445, 454 (1985) and found "some evidence" supporting the DHO's decision and no denial of Petitioner's due-process rights. He therefore recommended denial of the petition.

In his Objections, Petitioner complains that Judge Ball mis-read his challenge to the sufficiency of the evidence, explaining that his "correctly translated position is" not that the DHO's determination was unsupported by sufficient evidence, but that Petitioner "is innocent and that his cell mate Irizarry confessed that he had committed the offense and never told Petitioner about it." Objections [12] at 2. But the question before the Court on a review of a revocation of good-time credits is not whether the prison disciplinary proceeding reached the correct result; it is whether the decision is supported by "some evidence." *Neal v. Casterline*, 129 F. App'x 113, 114 (5th Cir. 2005). And Judge Ball correctly concluded that the DHO's conclusion was supported by "some evidence." Report & Recommendation [10] at 4.

As Judge Ball pointed out, what Petitioner seems more focused on is the fact that the DHO apparently found him guilty of violating Prohibited Act Code 113 based on a theory of constructive possession. "In the prison disciplinary context, constructive possession provides sufficient evidence of guilt if relatively few inmates have access to the area." *Harris v. Fox*, No. 1:11-CV-142, 2012 WL 3020085, at *2 (E.D. Tex. Mar. 7, 2012), report and recommendation adopted, No. 1:11-CV-142, 2012 WL 3020069 (E.D. Tex. July 23, 2012) (citing *Flannagan v. Tamez*, 368 F. App'x 586, 588 (5th Cir. 2010)) (additional citations omitted). Here, the

contraband was found in a cell shared by Petitioner and two other inmates.  On these facts, there was "some evidence" to support the DHO's finding that Petitioner possessed the contraband.

Finally, Petitioner argues that the DHO "[a]rbitrarily ignor[ed] a reasonably credible confession," thus denying Petitioner's due-process rights.  Objections [12] at 4.  Petitioner refers to an Inmate Request to Staff form from Victor Figueroa-Irizarry purporting to admit that the contraband was his and absolve Petitioner of any wrongdoing.[2]  *See* Pet.'s Mem. [2] at 5.  But the DHO report indicates that Petitioner neither called Figuero-Irizarry as a witness nor presented any other evidence.  Judge Ball correctly concluded that Petitioner failed to establish a due-process violation.

For the foregoing reasons, the Court finds that the Report and Recommendation [10] of Magistrate Judge F. Keith Ball should be adopted as the Court's opinion.  Quinones-Figueroa's Petition is denied, and this case is dismissed with prejudice.

A separate judgment will be entered in accordance with Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 1st day of July, 2016.

                                          s/ *Daniel P. Jordan III*
                                          UNITED STATES DISTRICT JUDGE

---

[2]The hand-written form is entirely in Spanish.